John T. NYMAN
v.
George J. SHEEHAN, Executor of the Estate of Farrell D. Coyle, former Collector of Internal Revenue.

Walfred M. NYMAN
v.
George J. SHEEHAN, Executor of the Estate of Farrell D. Coyle, former Collector of Internal Revenue.

Ralph V. NYMAN
v.
George J. SHEEHAN, Executor of the Estate of Farrell D. Coyle, former Collector of Internal Revenue.

Civ. A. Nos. 1674–1676.

United States District Court
D. Rhode Island.

Dec. 2, 1954.

Christopher DelSesto, Providence, R. I., for plaintiffs.

A. Barr Comstock, Washington, D. C., for defendant.

DAY, District Judge.

In these three actions which by agreement were consolidated for trial the respective plaintiffs seek to recover income taxes plus interest thereon paid by each of them after deficiency assessments by the Internal Revenue Agent against each of them for the years 1945 and 1946.

The plaintiff, John T. Nyman, is the father of the other plaintiffs, Walfred M. Nyman and Ralph V. Nyman. The deficiency assessments resulted from a ruling by the Internal Revenue Agent that one Magda L. Burt, the daughter of the said John T. Nyman and sister of the other plaintiffs, was not during the years 1945 and 1946 a bona fide partner with them in the Nyman Manufacturing Company, and that the share of the income thereof credited to her on its books and in its partnership return was taxable to the three plaintiffs. In so doing he allowed as deductions certain sums during said years as salary for her services.

The total amount of said deficiency assessments was $79,951.72. Its recovery with statutory interest is sought by the plaintiffs. Timely claims for refunds were made by the plaintiffs. No action thereon was taken by the Commissioner of Internal Revenue. Following the expiration of six months after the filing of said claims, plaintiffs instituted their respective actions which were tried to the Court without a jury.

The question to be determined is whether a bona fide partnership between the said Magda L. Burt (sometimes hereinafter called "the daughter") and the plaintiffs existed during the years 1945 and 1946.

The evidence adduced at the trial established the following facts: Nyman Manufacturing Company was founded by John T. Nyman and was originally engaged in the manufacture of jewelry findings; in 1951 it began to manufacture paper products, especially paper cups; for a number of years prior thereto the daughter and the two sons were employed by their father in the business, working many hours for small compensation. With the change in its product the business apparently expanded and on January 3, 1939 the father and his two sons entered into an agreement to conduct the business of Nyman Manufacturing Company as a partnership. No capital contribution was made by either of the sons. Mr. John T. Nyman, who was eighty-one years old at the time of the trial of these actions, testified that he admitted his sons as partners so that "they would build up the business" and that they worked "from sun to sun."

Apparently the business flourished between 1939 and 1944. During this period the daughter, who was married and childless, continued to work for the partnership devoting full time to its business. In 1944 her salary was $1,820. Between 1939 and 1944 Mrs. Burt had charge of the office, taking care of all correspondence, the billing, filling of orders, ordering of supplies, credit ratings, banking and, in general, did everything required in the management of said office.

The evidence also shows that late in 1944 for the first time there were discussions between the plaintiffs, their accountant and the daughter concerning her becoming a partner in the business. The accountant, who did not appear as a witness during the trial, suggested to them that such action would save substantial taxes. He subsequently sought legal advice for the plaintiffs from a competent attorney as to the legal consequences of her becoming a partner. After receipt of this legal opinion the attorney was instructed to prepare an agreement of partnership which was executed by the plaintiffs and Mrs. Burt on January 23, 1945. On the same date a trade name certificate was filed in the office of the City Clerk of the City of Providence setting forth that the plain-

tiffs and she were the owners of the business being conducted under the name of Nyman Manufacturing Company.

Said agreement provided that the original partnership between the plaintiffs, as organized under the agreement of January 3, 1939, should continue except as modified therein. The modifications were in substance to the effect that the daughter had become a partner as of January 1, 1945, that she assumed and agreed to all the terms and conditions of the agreement of January 3, 1939, except as modified, that all the assets of the partnership *prior* to January 1, 1945, should continue to be owned by the original partners and that she would become entitled to one-fourth of all partnership assets acquired after January 1, 1945. On this date the combined capital of the plaintiffs in the firm was in excess of $300,000. It also provided that all four partners would share equally in all profits and losses after January 1, 1945. During the trial the plaintiffs testified that they admitted the daughter as a full partner because they desired to reward her for her services and desired to permit her to participate in the profits. There was also testimony that they realized her admission as a partner would result in saving "substantial taxes for the family."

The daughter made no contribution of capital upon her admission as a partner.

During the years 1942 to 1944, inclusive, the net earnings of the partnership organized in 1939, as reported for federal income taxes, were as follows: 1942—$103,823.57; 1943—$139,752.41; 1944—$164,622.16.

After the execution of the agreement of January 23, 1945, policies of workmen's compensation insurance and public liability insurance were changed to include the daughter as one of the assureds. Appropriate books and accounting records were set up showing separate personal and capital accounts in the names of the three plaintiffs and the daughter. During the years 1945 and 1946 each of them withdrew approximately the sum of $500 per month as salary. There were some other withdrawals to which reference will be later made, and the balance of the earnings was left in the business. Although the plaintiffs testified there were no restrictions on the right of a partner to withdraw his share of the profits, neither Ralph V. Nyman nor Magda L. Burt had authority to draw checks on the firm account. The daughter testified that any amounts withdrawn by or paid to her and not spent were deposited in her savings account. No pass book or other evidence was presented to corroborate this testimony.

During 1945 and 1946, the duties and responsibilities of Magda L. Burt appear to have been substantially the same as prior to January 1, 1945. There was, however, one instance according to her and the plaintiffs when she with counsel conducted negotiations resulting in a settlement of certain litigation.

The plaintiff, Walfred M. Nyman, testified that his father wished him and his brother to carry on the business in the family name and that accordingly on October 26, 1946, a document erroneously entitled "Partnership Dissolution Agreement" was executed by the plaintiffs and the daughter. Pursuant to this agreement all of the assets of the partnership except cash and investments were transferred to a corporation organized by them under the name of Nyman Mfg. Co. which continued the business theretofore conducted by Nyman Manufacturing Company. The capital accounts indicate the transfer took place as of September 30, 1946. He testified that this was agreeable to the daughter who did not care to become interested in the corporation. She, however, did continue to work thereafter for the corporation on a full time basis, performing substantially the same duties as she had previously for the partnerships. The record is silent as to the amount of compensation paid to her by the corporation.

Since September 30, 1946, Nyman Manufacturing Company has continued on a non-operating basis and has filed partnership returns each year showing its net income from investments and an

allocation thereof in equal shares to the plaintiffs and the said Magda L. Burt.

In this case as in all cases involving the so-called family partnership it is my task to determine whether the plaintiffs and the daughter did in fact on January 23, 1945, join together to form a real partnership for business purposes. Did they in fact act in good faith—what were their real intentions?

■ The factors to be considered by me are clearly set forth in Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, at page 742, 69 S.Ct. 1210, at page 1214, 93 L.Ed. 1659, as follows:

" * * * The question is not whether the services or capital contributed by a partner are of sufficient importance to meet some objective standard supposedly established by the Tower case but whether, considering all the facts—the agreement, the conduct of the parties in the execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent—the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise. * * * "

■ In the present case a formal partnership agreement was executed by the plaintiffs and the daughter, a trade name certificate was filed with the appropriate authority showing new ownership of the business and a change in the insurance policies consistent with these actions was effected. In addition appropriate accounting records were established which indicated the daughter had become a partner. Thus it will be seen that the legal and technical formalities necessary to create the outward appearances of a partnership were scrupulously followed. Be that as it may, precise adherence to

formalities is not in cases of this sort either conclusive or controlling. The question still remains—was there a genuine intent to create in good faith a partnership for business purposes?

The plaintiffs insist that it was their purpose to do so. While their insistence is some evidence of their purpose, it is likewise by no means decisive of the issue here. Nor is the fact that the daughter made no capital contribution a decisive factor.

On the contrary there are, in my judgment, certain facts and circumstances together with the reasonable inferences to be drawn therefrom which satisfy me that the plaintiffs and the daughter did not in good faith and acting with a business purpose intend to join together as partners in the conduct of the business of the Nyman Manufacturing Company in January 1945.

The undisputed evidence shows that the said Magda L. Burt had worked first for her father and then for all three plaintiffs for many years doing substantially the same work she did during the years in question. After 1936 the Nyman Manufacturing Company began to grow very rapidly. Insofar as appears there was no thought given to admitting the daughter as a partner in the firm until late in 1944. In that year its earnings amounted to $164,622.16 as against earnings of $139,752.41 in 1943 and of $103,823.57 in 1942. Sometime late in 1944 the idea of making the daughter a partner was first brought up, according to the testimony, by the accountant employed by the plaintiff who pointed out that "taxes would be reduced in proportion to four ways, instead of three." This was apparently the inception of the plan to make her a partner. It would as one of the plaintiffs stated result in "substantial savings of taxes for the family."

While the plaintiffs insist that the daughter was admitted as a partner in recognition of her past services to them, they do not contend that prior to January 1, 1945, they were in any danger of los-

ing these services if she was not admitted to the partnership. If then the sole reason for her admission thereto was gratitude for her services, this gratitude was short lived because the partnership ceased to be engaged in a very profitable activity twenty-one months later and she again became an employee, performing the same work for the corporation which her brothers organized.

During 1945 and until September 30, 1946, the business of the Nyman Manufacturing Company continued to prosper. During this period the only withdrawals charged to the daughter were so-called salary of $500 per month (plus an additional $875 in 1945) and $6,000 during each year for payments of estimated income taxes on her share of the net earnings of the firm. Plaintiffs testified that there was no restriction on the right of a partner to withdraw any part of his or her net earnings from the business. The record shows that during 1945 and until October, 1946 the three plaintiffs made substantial withdrawals in excess of their so-called salaries. Their withdrawals exceeded their respective shares of the earnings during these periods. Only the capital account of the daughter showed an increase. It is my conviction that she had no control over the income of the partnership. After the deduction of her so-called salary and payments for taxes thereon the share of income attributed to her remained in the business. Insofar as appears substantially all of it was still there at the time of the trial. None of it appears to have been withdrawn and used for her benefit.

An analysis of the individual income tax returns of the three plaintiffs and the daughter and of their respective capital accounts affords strong evidence that the said Magda L. Burt was not in fact a real partner in 1945, and that the share of income attributable to her was not regarded by her or the plaintiffs as belonging to her.

For the year 1945 the income attributable to each of the parties involved as shown on their returns and the partnership return was as follows: John T. Ny-man—$41,772.36, Walfred M. Nyman—$41,772.36, Ralph V. Nyman—$41,772.35 and Magda L. Burt—$41,772.35, or a total of $167,089.42.

The individual returns of John T. Nyman and Magda L. Burt were identical in every respect and the income tax of each amounted to $21,496.09.

Ralph V. Nyman's return disclosed, in addition to his income from the partnership, wages or salaries amounting to $964.44. His return also showed taxes withheld presumably on this item which amounted to $177.10. His total income tax was $22,190.49.

The total income of Walfred M. Nyman as shown on his return was $41,772.36. However, exemptions for his dependents resulted in his tax being $20,116.10, an amount which was substantially less than that of the other plaintiffs and the daughter.

From the foregoing it will be seen that the income taxes of the plaintiffs and the daughter amounted to $85,298.77, of which $177.10 had been withheld from the wages or salary of Ralph V. Nyman. In other words, $85,121.67 in taxes was paid by or on behalf of the four taxpayers from the firm assets in installments and upon the filing of their respective returns.

As hereinbefore stated, the net income of the Nyman Manufacturing Company was $167,089.42. After the deduction therefrom of said sum of $85,121.67 the balance of $81,967.75 was credited to the respective capital accounts as follows: John T. Nyman $20,491.94, Walfred M. Nyman $20,491.94, Ralph V. Nyman $20,491.94 and Magda L. Burt $20,491.93 although her income tax of $21,496.09 was in excess of one fourth of said sum of $85,121.67. Such treatment of the income taxes paid on the share of partnership income attributable to her is certainly inconsistent with her ownership of said income.

Insofar as the year 1946 is concerned the only income returned by each of the plaintiffs and the daughter is a one quarter share of the net earnings of said

Nyman Manufacturing Company. This seems odd in view of the testimony to the effect that on September 30, 1946, Walfred M. Nyman and Ralph V. Nyman purchased the assets used by the partnership in its operations, transferred them to the corporation and that Magda L. Burt continued to perform her customary duties as an employee of the corporation. There was no evidence that the corporation did not begin operations immediately or that the said Magda L. Burt worked for it without compensation.

There is no substantial evidence that after January 1, 1945 the daughter rendered any services materially different in nature from those rendered by her prior thereto. Indeed, she appears to have continued to perform them for the Nyman Mfg. Co. after the latter succeeded to the business of the partnership.

As bearing on the intention of the parties in good faith and with a business purpose to join together as partners for business purposes, the transfer of all of the tangible assets such as stock in trade, work in process, accounts receivable and unique machinery of the partnership to a corporation organized by the sons is indeed significant. These assets were the life blood of the partnership. Without them it could not and did not operate. The willingness of Magda L. Burt, if a real partner, to assent to this transfer is difficult of comprehension. The only explanation thereof which was given is that she did not care to become interested in the corporation. Yet she continued to perform the same duties as before for an undisclosed salary instead of a one-fourth share of earnings of approximately $160,000 in 1945 and 1946 which seemed likely to be continued.

The plaintiffs, in my judgment, have failed to sustain the burden of establishing by credible evidence that the partnership involved here was a real partnership for business purposes. After careful consideration of all of the evidence and the inferences to be drawn

therefrom, I find that the purported partnership was a sham, not organized in good faith for business purposes but, on the contrary, created to save taxes for the members of the family involved. In my opinion the deficiency assessments were warranted.

Judgment may be entered in each action in favor of the defendant.